IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA BARBER,<br><br>                              PLAINTIFF,<br><br>v.<br><br>INSTANT BRANDS INC.,<br><br>                              DEFENDANT. | Civil Action No. 1:21-cv-02842<br><br>**TRIAL BY JURY DEMANDED** |

**DEFENDANT INSTANT BRANDS INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Instant Brands Inc. ("Defendant" or "Instant Brands") by and through its counsel Lewis Brisbois Bisgaard & Smith, LLP and hereby respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

**NATURE OF CASE**

1. Defendant admits that it is engaged in the importing, marketing, distribution, and sale of the Instant Pot Programmable Electric Pressure Cooker, Model IP-DUO Plus. Defendant states that Instant Brands was formerly known as Double Insight, Inc. Defendant denies the remaining allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

## PLAINTIFF JOSHUA BARBER

7. After reasonable investigation and without further confirmation, Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and those allegations are, accordingly, denied.

8. After reasonable investigation and without further confirmation, Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and those allegations are, accordingly, denied.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

### **INSTANT BRANDS INC.**

10. Defendant admits only that Instant Brands is engaged in the importing, marketing, distribution, and sale of consumer kitchen products. Defendant denies the remaining allegations in Paragraph 10 of Plaintiff's Complaint.

11. The allegations asserted in Paragraph 11 of Plaintiff's Complaint appear to seek to characterize writings, which speak for themselves. Defendant denies that such writings have been completely or accurately characterized. Except as thus stated, Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that prior to March 8, 2018, Defendant Instant Brands was known as Double Insight Inc. and engaged in the distribution of the Instant Pot and otherwise denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

14. Paragraph 14 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies any implications of liability contained in Paragraph 14 of Plaintiff's Complaint.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies any implications of liability contained in Paragraph 15 of Plaintiff's Complaint.

16. Paragraph 16 states legal conclusions to which no response is required. To the extent a response is required, Defendant denies any implications of liability contained in Paragraph 16 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

17. Defendant admits only that Instant Brands is engaged in the importing, marketing, distribution, and sale of the Instant Pot Programmable Electric Pressure Cookers such as the one that is the subject of this litigation. All other allegations contained in Paragraph 17 of Plaintiff's Complaint are specifically denied.

18. Defendant admits only that Instant Brands is engaged in the importing, marketing, distribution, and sale of the Instant Pot Programmable Electric Pressure Cookers such as the one that is the subject of this litigation. The

allegations asserted in Paragraph 18 of Plaintiff's Complaint appear to seek to characterize writings, which speak for themselves. Defendant denies that such writings have been completely or accurately characterized. All other allegations contained in Paragraph 18 of Plaintiff's Complaint are specifically denied.

19. Defendant admits only that Instant Brands is engaged in the importing, marketing, distribution, and sale of the Instant Pot Programmable Electric Pressure Cookers such as the one that is the subject of this litigation. The allegations asserted in Paragraph 19 of Plaintiff's Complaint appear to seek to characterize writings, which speak for themselves. Defendant denies that such writings have been completely or accurately characterized. All other allegations contained in Paragraph 19 of Plaintiff's Complaint are specifically denied.

20. Defendant admits only that Instant Brands is engaged in the importing, marketing, distribution, and sale of the Instant Pot Programmable Electric Pressure Cookers such as the one that is the subject of this litigation. The allegations asserted in Paragraph 20 of Plaintiff's Complaint appear to seek to characterize a video, which speaks for itself. All other allegations contained in Paragraph 20 of Plaintiff's Complaint are specifically denied including subparts a.-c.

21. Defendant admits only that Instant Brands is engaged in the importing, marketing, distribution, and sale of the Instant Pot Programmable Electric Pressure Cookers such as the one that is the subject of this litigation. The allegations asserted in Paragraph 21 of Plaintiff's Complaint appear to seek to characterize a video, which speaks for itself. All other allegations contained in Paragraph 21 of Plaintiff's Complaint are specifically denied.

22. After reasonable investigation and without further confirmation, Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 22 of Plaintiff's Complaint and those allegations are, accordingly, denied.

23. After reasonable investigation and without further confirmation, Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 23 of Plaintiff's Complaint and those allegations are, accordingly, denied.

24. Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Paragraph 30 contains a narrative describing the alleged factual and legal basis for Plaintiff's claims such that no response is required. To the extent a response is required, Defendant denies any implication of negligence or liability contained in Paragraph 30 of Plaintiff's Complaint.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY

31. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. After reasonable investigation and without further confirmation, Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 33 of Plaintiff's Complaint and those allegations are, accordingly, denied.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

35. Defendant denies the allegations in Paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint including subparts a.-f.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint. Defendant denies the un-numbered WHEREFORE clause following Paragraph 38 of Plaintiff's Complaint.

## COUNT II
## NEGLIGENCE

39. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies any implication of negligence and liability stated in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of Plaintiff's Complaint, including subparagraphs a.-d.

43. Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

Defendant denies the un-numbered WHEREFORE clause following Paragraph 44 of Plaintiff's Complaint.

## COUNT III
## BREACH OF EXPRESS WARRANTY

45. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

46. Paragraph 46, including subpart a, appears to seek to characterize a writing, which speaks for itself. Defendant denies that such writing has been completely or accurately characterized. Except as thus stated, Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint, including subpart a.

47. Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Complaint, including subparts a.-d.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any implication of liability contained in Paragraph 51 of Plaintiff's Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

Defendant denies the un-numbered WHEREFORE clause following Paragraph 53 of Plaintiff's Complaint.

## COUNT IV
## BREACH OF IMPLIED WARRANY OF FITNESS
## FOR A PARTICULAR PURPOSE

54. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

55. Defendant admits only that Instant Brands is engaged in the importing, marketing, distribution, and sale of the Instant Pot Programmable Electric Pressure Cookers such as the one that is the subject of this litigation. All other allegations contained in Paragraph 55 of Plaintiff's Complaint are specifically denied.

56. Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any implication of liability contained in Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

Defendant denies the un-numbered WHEREFORE clause following Paragraph 60 of Plaintiff's Complaint.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

61. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

62. Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. After reasonable investigation and without further confirmation, Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 65 of Plaintiff's Complaint and those allegations are, accordingly, denied.

66. Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67. Defendant denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

Defendant denies the un-numbered WHEREFORE clause following Paragraph 67 of Plaintiff's Complaint.

## COUNT VI
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICIES ACT
## O.C.G.A. § 10-1-390 *et. seq.*

68. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

69. Paragraph 69 contains no factual allegations relating to this Defendant, so no response is required. To the extent a response is required, Defendant denies any implication of liability contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendant denies the allegations in Paragraph 70 of Plaintiff's Complaint.

71. Defendant denies the allegations in Paragraph 71 of Plaintiff's Complaint.

72. Defendant denies the allegations in Paragraph 72 of Plaintiff's Complaint.

73. Defendant denies the allegations in Paragraph 73 of Plaintiff's Complaint.

74. Defendant denies the allegations in Paragraph 74 of Plaintiff's Complaint.

75. Defendant denies the allegations in Paragraph 75 of Plaintiff's Complaint.

Defendant denies the un-numbered WHEREFORE clause following Paragraph 75 of Plaintiff's Complaint.

## COUNT VII
## PUNITIVE DAMAGES

76. Defendant incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

77. Defendant denies the allegations in Paragraph 77 of Plaintiff's Complaint.

78. Defendant denies the allegations in Paragraph 78 of Plaintiff's Complaint.

79. Defendant denies the allegations in Paragraph 79 of Plaintiff's Complaint.

80. Defendant denies the allegations in Paragraph 80 of Plaintiff's Complaint.

81. Defendant denies the allegations in Paragraph 81 of Plaintiff's Complaint.

Defendant denies the un-numbered WHEREFORE clause following Paragraph 81 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to set forth a claim upon which relief may be granted.

2. Defendant asserts the defense of insufficient process and/or service of process.

3. Plaintiff's Complaint may be barred by the statute of limitations.

4. Plaintiff's claims against Defendant are barred or limited by the Georgia Uniform Commercial Code.

5. Plaintiff's claims may be barred or limited by the doctrines of comparative fault and contributory negligence, comparative fault, and assumption of risk.

6. Plaintiff's claims may be barred or limited by Plaintiff's unintended and/or unforeseen use of the product, or failure to follow the written warnings and instructions provided with the product.

7. Plaintiff's claims may be barred or limited under the doctrines of product misuse and/or abuse of the product.

8. Plaintiff's claims may be barred or limited for failure to mitigate damages.

9. Plaintiff's claims may be barred or limited because the product reflected the current state of the art at the time it left defendant's control and complied with all industry, consensus, and regulatory standards.

10. Plaintiff's claims may be barred or limited by the doctrine of spoliation of evidence.

11. Plaintiff's claim may be barred by the statute of repose.

12. Plaintiff's alleged damages may have been caused by an intervening or superseding cause for which Defendant is not responsible.

13. The benefits of the design of the subject product outweigh the risk associated with it, if any.

14. Plaintiff's claims are barred, in whole or in part, because Defendant acted reasonably and in good faith.

15. Defendant was, at all times relevant hereto, acting with good faith and without fraud or malice.

16. Plaintiff has not suffered any injury or damages attributable to any conduct by the Defendant.

17. All acts of Defendant were the result of the appropriate exercise of their accepted professional judgment following accepted procedures.

18. Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitation of awards, caps on recovery, and setoffs.

19. Plaintiff is not entitled to collect an award of punitive damages from Defendant because such an award would violate the due process, equal protection, and excessive fines clauses of the Georgia and United States Constitutions.

20. Plaintiff's claim for punitive damages cannot be sustained if punitive damages are awarded absent evidence that Defendant engaged in intentionally malicious conduct and had actual knowledge of malicious conduct. Absent such evidence, an award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

21. Plaintiff's claim for punitive damages cannot be sustained if there is an award of punitive damages by a jury that: (1) is not provided within standards of sufficient clarity for determining the appropriateness and the appropriate size of the punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by applicable standards of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendant; (4) is permitted to award punitive damages under the standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or (5) is not subject to review by the trial court and appellate courts for reasonableness and the furtherance of legitimate purposes on the basis of objective standards. Accordingly, each of the aforementioned conditions would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process and equal protection provisions of the Constitution of the State of Georgia, and would be improper under the common law and public policies of Georgia.

22. Defendant hereby reserves the right to interpose such other defenses and objections as a continuing investigation may disclose.

## **PRAYER FOR RELIEF**

All allegations not expressly admitted or otherwise addressed herein are hereby denied.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Instant Brands Inc. prays that this Court enter judgment in their favor with all costs of Court cast upon the Plaintiff, Defendant be afforded a trial by jury, and that Defendant has such other and further relief as this Court deems just and proper.

Respectfully submitted, this 25th day of August, 2021.

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ Jessica C. Odom
Jessica Cabral Odom
Georgia Bar No. 140935
600 Peachtree Street, NE
Suite 4700
Atlanta, Georgia 30308
Telephone: 404.567.6586
Facsimile: 404.467.8845
Jessica.Odom@lewisbrisbois.com

*Counsel for Defendant Instant Brands Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSHUA BARBER,<br><br>　　　　　　　PLAINTIFF,<br><br>v.<br><br>INSTANT BRANDS INC.,<br><br>　　　　　　　DEFENDANT. | Civil Action No. 1:21-cv-02842<br><br>**TRIAL BY JURY DEMANDED** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing pleading using the CM-ECF system, which will generate an electronic notification to all counsel of record as follows:

Cale Conley
**CONLEY GRIGGS PARTIN, LLP**
4200 Northside Parkway, NW
Building One, Suite 300
Atlanta, GA 30327
Cale@conleygriggs.com

Michael K. Johnson
Kenneth W. Pearson
Adam J. Kress
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Mjohnson@johnsonbecker.com
Kpearson@johnsonbecker.com
Akress@johnsonbecker.com

*Counsel for Plaintiff*

This 25th day of August, 2021.

        **LEWIS BRISBOIS BISGAARD & SMITH LLP**

        */s/ Jessica C. Odom*
        Jessica Cabral Odom
        Georgia Bar No. 140935
        600 Peachtree Street, NE
        Suite 4700
        Atlanta, Georgia 30308
        Telephone: 404.567.6586
        Facsimile: 404.467.8845
        Jessica.Odom@lewisbrisbois.com

        *Counsel for Defendant Instant Brands Inc.*